## 39154. PUTNAM v. THE STATE.

CLARKE, Justice.

William Howard Putnam was convicted of the murder of William Gerald Hodges on July 10, 1980. Putnam was sentenced to life imprisonment and brings this appeal.

Early on the morning of July 10, 1980, an eyewitness saw the shooting death of a man and a woman at a rest stop on Interstate Highway 75 in Cook County. The perpetrator drove off heading north on the interstate in a black tractor with a flatbed yellow trailer. The eyewitness reported the crimes to police, who apprehended appellant. These homicides are not the subject of this case.

When Putnam was arrested, he had in his shirt pocket a bloodstained Georgia liability insurance card issued to the victim, Hodges. The appellant also had in his pants pockets a watch and two rings identified by the victim's co-workers as belonging to the victim. A .38 caliber pistol was found in the truck, and two cartridges were found in the appellant's suit pocket. The ballistics expert who testified at trial stated that in his opinion the gunshot wounds sustained by the victim were made by the gun recovered from appellant's truck.

The victim's body was discovered at approximately 2:30 p.m. on the afternoon of July 10, 1980, in the parking lot of a truck stop in Valdosta, Georgia. The truck stop was located across the street from the Fifth Wheel, a bar where both appellant and the victim had been seen on the previous night. The victim had sustained two gunshot wounds. Medical testimony at trial indicated that either of the

wounds could have caused his death.

Appellant raises three enumerations of error but has briefed only two. The third enumeration is deemed abandoned.

1. Appellant's first enumeration of error is that the trial court erred in denying appellant's motion for a new trial because there was not sufficient evidence to support the verdict. "The relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find that the evidence here was clearly sufficient to meet the test of Jackson v. Virginia.

2. In the second enumeration of error appellant complains that the court erred in giving a supplemental charge on the purpose of a bifurcated trial. The death penalty was sought in this case. The charge complained of was given after the jury had begun deliberations on the question of guilt or innocence and as it was about to recess for lunch. There was no request from the jurors for any additional instructions and the charge came following a general charge regarding juror conduct during the lunch recess. Where the jury is to fix the sentence, there is no error in explaining the bifurcated trial procedure during the guilt-innocence phase. *Nichols v. State,* 247 Ga. 534 (277 SE2d 50) (1981). Further, there is no error in the court's recharging the jury without any request after the jury has begun deliberations. *Hyde v. State,* 196 Ga. 475 (26 SE2d 744) (1943); *Barraza v. State,* 149 Ga. App. 738 (256 SE2d 48) (1979), cert. den. 444 U. S. 951. Therefore, this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*Elsie Higgs Griner, Galen P. Alderman,* for appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.