## 40746. DROKE v. THE STATE.

WELTNER, Justice.

Droke was convicted of shooting and killing his wife with a high-powered rifle. He was convicted of murder and sentenced to life imprisonment.[1]

Mrs. Droke's body was found approximately one hundred feet

---

[1] The offense was committed on March 10, 1982. Droke was convicted on November 10, 1982. His motion for new trial was filed on November 24, 1982, and a transcript of evidence was filed on September 17, 1983. The motion for new trial was

from the dining room window of Droke's home. Dust on the window frame indicated recent removal of a screen. Wood splinters were found in the dining room near the window. Other splinters were found outside the house, dispersed in a semi-circular pattern. The state's ballistics expert testified that the nature and placement of the splinters indicated that the edge of the window frame had been struck by a projectile fired from within the house. Wood shavings carved from the window frame were located in a kitchen trash can. A trash barrel outside the Droke home contained other wood shavings, an empty high-powered rifle cartridge box, and a pair of gloves. Gunpowder residue was found on Droke's hands, on the window frame, and on the gloves.

Droke told investigating officers that the window sill was marked by a cigarette burn which he had carved out in order to refinish the window. He was unable to give any explanation as to how the wood splinters and shavings came to be within the trash receptacle, or why there was gun powder residue on his hands. He testified that the wood shavings and gloves were not in the trash barrel when he had placed other refuse there on the day of the homicide. He testified that his wife had swept up the shavings he carved from the window frame.

The state's ballistics expert testified that blood, tissue, and bone fragment were found under and around Mrs. Droke's body in positions which indicated that the fatal bullet had come from the dining room window. The state's medical expert testified that the bullet entered the back of Mrs. Droke's neck at the spine and smashed the neck structure. He testified that the entry wound was inverted and ragged, indicating that the bullet had been tumbling in flight, as would occur had it struck another object before striking the victim.

The homicide weapon was never found.

Approximately one month before the shooting, Droke had reported a burglary of his house, and the loss of a pistol, a high-powered rifle, a diamond ring, several valuable coins, and about $200 in cash. The rifle was bought eleven days before its reported theft.

Officers investigating the homicide found in an outbuilding of Droke's home a cardboard box which contained money, a man's ring, a woman's ring, coins, and other items. A neighbor testified that he

amended on November 4, 1983, and heard and denied on November 17, 1983. Droke's notice of appeal was filed on December 14, 1983. The appeal was docketed in this Court on January 19, 1984, and submitted for decision by this Court on March 2, 1984.

heard a loud shot from the direction of the Droke home approximately an hour and a quarter before Droke reported his wife's homicide to the sheriff's office.

Droke testified that he and his wife returned home at about noon on the day in question, and that he took a nap while she walked their dog. He testified that when he awoke, he found his wife's body in the field, and called the sheriff's office. He denied killing his wife. He also denied hearing the shot, stating that he had removed his hearing aid before sleeping.

1. This evidence is sufficient to sustain the conviction under our circumstantial evidence rule, OCGA § 24-4-6 (Code Ann. § 38-109), and under the standard of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Sabel v. State,* 248 Ga. 10 (4) (282 SE2d 61) (1981).

2. Droke contends that the trial court improperly allowed Kelley Fite, a firearms examiner and crime scene investigator employed by the State Crime Laboratory, to testify (a) that a pattern of blood and tissue found a few feet from the body indicated the trajectory of the bullet; (b) that a dust pattern on the window frame indicated that the screen recently had been removed; and (c) that the wood shavings found in the trash bin came from the frame of the dining room window.

Objection was made to the testimony of an investigator from the sheriff's office, who testified that the only evidence of the reported burglary of Droke's home was Droke's statement. Droke contends that the foregoing opinions were those of persons who had not been qualified as experts in their fields, and, specifically, that there was no evidence offered to establish that Fite was an expert on dust patterns or wood splinters.

The state offered evidence from which the trial court could find him well-qualified. The trial court "has a discretion in accepting or rejecting the qualifications of the expert, and his judgment in that respect will not be disturbed on appeal unless abused." *Brown v. State,* 245 Ga. 588, 589 (266 SE2d 198) (1980). We find here no abuse of that discretion.

In regard to the statement of the sheriff's investigator that there was no evidence of a burglary at the Droke home, other than Droke's statement, he testified that there was no evidence of forced entry or disarrangement of the contents of the Droke home. From this he concluded that Droke's statement was the only evidence that a burglary had occurred. We find no error. *Brown,* supra.

3. Droke complains of the court's instruction to the jury that "... motive is a circumstance you should consider...." He contends that the court should have instructed the jury that absence of motive

could be considered as evidence tending to prove innocence. The court further instructed that "proof of motive is never necessary to a conviction"; "motive is not an essential element of the crime"; "intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt"; and that the jury "may find such intention *or the absence thereof,* upon a consideration of . . . motive and other circumstances connected with the act for which the accused is being prosecuted." (Emphasis supplied.) Considering the court's instructions as a whole, *Williams v. State,* 249 Ga. 822, 825 (295 SE2d 293) (1982), we conclude that the jury was directed to consider motive in determining the presence *or absence* of the essential element of intent. We find no error.

4. Droke complains of the exclusion of opinion evidence as to his reputation for peacefulness. There was no evidence of any verbal encounters between Droke and his wife, nor of any violence on his part toward her. The trial court admitted opinion evidence of Droke's good reputation generally, and of his reputation for truthfulness. *Chatham v. State,* 155 Ga. App. 154 (4) (270 SE2d 274) (1980). This enumeration is without merit.

5. Droke complains of the introduction of the cardboard box and content discovered in the outbuilding, on the ground that they were irrelevant to any issue in the case, and were prejudicial.

The state offered this evidence to raise the inference that if Droke still had rings, coins and money similar to those which he claimed were lost in a burglary, that he might also have the rifle.

The box, its content, and the circumstances under which they were discovered, were admissible as relevant to the issue of whether or not Droke still had the rifle at the time of the homicide, *Sprouse v. State,* 242 Ga. 831, 833 (3) (252 SE2d 173) (1979), and for the impeachment of Droke's burglary report.

6. Droke's contention that the coat his wife was wearing at the time of the homicide should not have been introduced into evidence because the state's evidence did not indicate an unbroken chain of custody from the hands of one officer to another is without merit. The coat was a " '. . . distinct physical object that can be identified and differentiated by the senses on observation.' " *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891) (1976). Its admission was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984 —<br>REHEARING DENIED APRIL 24, 1984.

*Gammon & Anderson, Wayne W. Gammon, Sara Nell Langland,* for appellant.

*W. A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.