71656. TURNER v. THE STATE.
(345 SE2d 99)

BEASLEY, Judge.

Appellant was indicted for burglary, specifically that on May 25, 1984 he "did, without authority and with the intent to commit a felony, to-wit: RAPE, enter the dwelling house of another. . . ." (OCGA § 16-7-1) He appeals from the jury conviction and denial of his motion for new trial.

The evidence, viewed in a light most favorable to the verdict,[1] reflects that in the late evening of May 25, 1984 appellant climbed through a kitchen window of a home across the street from his grandmother's, where a mother and daughter lived, and walked up the stairs into the daughter's bedroom. When she awoke he said, "Don't scream. I have a knife. I just want to make love to you." The mother heard her daughter scream and ran into the bedroom, confronting appellant, whom she immediately recognized. A "tussle" ensued and appellant's shirt was torn by the mother as appellant fled.

1. The first three enumerations of error challenge the admission into evidence of a torn shirt identified as that worn by appellant during the burglary and which had been found in a warrantless search of his grandmother's house, where he sometimes lived.

(a) The contention is that the evidence was a fruit of an illegal search and violated Fourth Amendment rights. There was no pre-trial motion to suppress.

A motion to suppress is used to suppress evidence illegally seized. OCGA § 17-5-30. "[A]n oral motion to suppress does not meet the requirement of OCGA § 17-5-30 (b) (Code Ann. § 27-313) that such a motion be in writing, and the trial court does not err in denying it. [Cits.] By failing to file a written motion to suppress, a defendant waives an appeal on that ground." *Dennis v. State*, 166 Ga. App. 715, 717-718 (305 SE2d 443) (1983). Only where the movant becomes aware of the illegal seizure "at such a late hour that a written motion to suppress is impossible" may an oral motion to suppress suffice. *Rucker v. State*, 250 Ga. 371, 375 (11) (297 SE2d 481) (1982). Appellant has not raised such a contention here.

(b) Next is a chain of custody challenge.

" 'Items of evidence which are distinct and recognizable physical

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Worrell v. State*, 173 Ga. App. 820, 823 (328 SE2d 232) (1985).

objects are admissible in evidence without the necessity for showing the chain of custody. [Cits.]' [Cit.] 'Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]' [Cit.]" *Parker v. State,* 172 Ga. App. 540, 542 (5) (323 SE2d 826) (1984). Because the shirt was a " ' "distinct physical object that can be identified and differentiated by the senses on observation." ' [Cit.] Its admission was not error." *Droke v. State,* 252 Ga. 472, 475 (6) (314 SE2d 230) (1984).

(c) Last is the argument that the shirt was improperly admitted "without a showing that said shirt belonged to appellant."

"Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. [Cit.] Even where the evidence is of questionable relevancy or competency, it is the rule in this state that it should be admitted, leaving its weight for the determination of the jury. [Cits.]" *Brandon v. State,* 165 Ga. App. 94 (1) (299 SE2d 162) (1983). Here, the shirt is relevant to a material issue — whether appellant was the offender. Both the mother and daughter identified the shirt as that worn by defendant on the night of the offense, and it was found in the home of defendant's grandmother. This was sufficient to render it admissible; it was for the jury to determine whether it was in fact appellant's shirt and whether it was he who wore it during the perpetration of the offense. *Harper v. State,* 251 Ga. 183, 185 (1) (304 SE2d 693) (1983). Contrary to appellant's claim, the shirt was not inadmissible because the state failed to prove appellant had the opportunity to hide the shirt in his grandmother's home after the incident. "It is not necessary that the authenticity of an exhibit be proved to an absolute certainty." *Kates v. State,* 152 Ga. App. 29, 30 (2) (262 SE2d 221) (1979).

2. Appellant next asserts that the in-court identifications by the mother and daughter were tainted by the showing of this photo to them shortly after the incident. Appellant, however, failed to raise this contention with the trial court, and thus has waived the objection on appeal. *Page v. State,* 167 Ga. App. 297, 298 (1) (306 SE2d 381) (1983).

3. Appellant enumerates that the trial court erred in calling the jury back from deliberation, over objection, to instruct them on the definition of rape, which it had omitted from the jury charge, arguing that the instruction "placed an undue emphasis on the crime of rape which may have left an erroneous impression in the minds of the jury . . . [and] overemphasized a particular point . . . that was favorable to the State."

"The court has a perfect right, after the jury has retired to con-

sider its verdict, to call the jury back into the courtroom and either give further instructions which have been omitted through oversight or, on receiving a request for further instructions, to give such reply as the facts may warrant." *Barraza v. State,* 149 Ga. App. 738, 739 (2) (256 SE2d 48) (1979).

Here, not only did the court have a right to give further instruction, it had an obligation to do so: " '(I)t is the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point of issue involved in (a) case' so as to enable the jury to judiciously decide the guilt or innocence of a defendant. [Cits.]" *Powers v. State,* 150 Ga. App. 25, 26 (3A) (256 SE2d 637) (1979). As defendant's intent to rape was an essential element of the crime with which he was charged, the court's failure to legally define rape would have been reversible error. Id.

Appellant asserts that, along with the instruction on the definition of rape, the court should have repeated those instructions which were favorable to appellant in order to have a more balanced charge. *Brannon v. State,* 163 Ga. App. 340, 341 (2) (295 SE2d 110) (1982) and *United States v. Carter,* 491 F2d 625 (5th Cir. 1974), upon which appellant relies, however, are neither controlling nor persuasive as they involve situations where a jury has requested further instruction on points which are favorable to the prosecution. There had been no jury request here. The court simply gave a supplemental charge on a point of law which it had inadvertently omitted earlier. Moreover, *repeating* other instructions would have created imbalance, not balance.

"The charge to the jury is to be taken as a whole and not out of context when making determinations as to correctness of same. [Cits.] Further, this rule includes recharges to be considered as a part of the whole charge. [Cits.]" *Bowles v. State,* 168 Ga. App. 763, 765 (4) (310 SE2d 250) (1983). Accordingly, supplemental charges must also be taken as part of the whole and not out of context.

4. The final challenge is to the sufficiency of the evidence in light of the possibility of misidentification weighted with the testimony supporting alibi.

"In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." *Goode v. State,* 130 Ga. App. 791, 792 (2) (204 SE2d 526) (1974). It was the duty of the jury, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony. *Bragg v. State,* 175 Ga. App. 640, 642 (334 SE2d 184) (1985). It was not compelled to believe the alibi or disbelieve the identification made by the two neighbors.

On the basis of all of the evidence, a rational trier of fact could

have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* supra; *Bragg,* supra.

Judgment affirmed. *Deen, P. J., and Benham, J., concur.*

DECIDED MAY 2, 1986.

*E. Ronald Garnett,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.