### 75105. MIDDLEBROOKS v. THE STATE.
(363 SE2d 39) ·

BENHAM, Judge.

Appellant was convicted by a jury of rape. He enumerates as error the use of a police accident report to impeach his alibi and to place his character in issue, and the trial court's denial of his motions for mistrial on that ground and on the ground that he was seen by

some jurors while in the custody of deputies. Finding no error, we affirm the judgment of conviction.

1. Appellant complains that the prosecuting attorney should not have been allowed to ask him about information in an unauthenticated police accident report, since it thereby placed his character in issue, impeached his alibi, and admitted hearsay into evidence. Our review of the record reveals that appellant's alibi was that he was involved in an automobile accident at the time the rape occurred and so could not have committed the crime. Appellant testified that he came down to the police station after finding out the police were looking for him, showed a copy of the accident report to an officer, and was arrested for the rape. Since appellant relied on the accident report and the statements therein as proving his alibi then and at trial, the report was admissible as his voluntary, pre-arrest statement and was not inadmissible hearsay. See *Thomas v. State*, 243 Ga. 217 (1) (253 SE2d 190) (1979).

Moreover, the State did not place appellant's character in issue by questioning him about information in the report on which he relied and based his alibi, but merely exercised its right to cross-examine and attempt to impeach him as any other witness could be impeached. See OCGA § 24-9-20 (b); *Favors v. State*, 145 Ga. App. 864 (1) (244 SE2d 902) (1978).

2. Since we held in Division 1 of this opinion that the trial court did not err in permitting the State to question appellant as it did, we find no error in the denial of appellant's motion for mistrial on that issue.

3. Lastly, appellant complains that he should have been granted a mistrial because he "passed by several of the jurors [while] being escorted by three heavily armed deputies." Appellant was not in handcuffs at that time. The trial court denied the motion for mistrial, stating that it had no reason to think that the jurors would be prejudiced by what appellant alleged they saw. We find no error in the court's ruling. It is within the trial court's discretion to instruct police authorities to use whatever restraint necessary to secure the defendant outside the courtroom during transportation to and from jail, and the mere fact that jurors happen to see a defendant under "heavy guard" or otherwise restrained outside the courtroom is not grounds for an automatic mistrial. See *Starr v. State*, 209 Ga. 258 (5a) (71 SE2d 654) (1952); *Robinson v. State*, 164 Ga. App. 379 (2) (296 SE2d 225) (1982).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 5, 1987.

*Joe A. Weeks*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy Shoob, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.