## 77651. TREADAWAY v. THE STATE.
(381 SE2d 43)

BENHAM, Judge.

Appellant was convicted of two counts of aggravated sodomy against his pre-teenaged stepdaughter. He appeals from the denial of his motion for new trial, raising three enumerations of error. We affirm.

1. Appellant complains that his character was impermissibly placed in issue when evidence was introduced at trial that he physically abused the victim's brother and her mother. The testimony about which he complains was that appellant had beaten his wife, fractured three of her ribs, blackened both of her eyes, and pulled a gun on her, and that such treatment was one of her reasons for running away from him. Appellant cannot be heard to complain about the testimony in question, since his attorney elicited that testimony while cross-examining the witness, before the State raised the issue during the redirect examinations to which he objects. Where counsel elicits testimony unfavorable to her client, she will not be heard to object to it. *Cole v. State,* 156 Ga. App. 6 (2) (274 SE2d 64) (1980). Compare *Woods v. State,* 233 Ga. 495 (2) (212 SE2d 322) (1975), in which the trial court instructed the jury to disregard a witness' unfavorable, unresponsive answer to a question when defense counsel called it to the trial court's attention by moving for a mistrial at a time the remark was initially made. As for the remark made on direct examination about appellant's having beaten the victim's brother, the trial court sustained appellant's objection to the testimony, and neither side pursued the matter at that time. The later testimony about the beating was properly admitted to cross-examine appellant and attempt to impeach his testimony that his means of punishing the children was to "take away privileges." *Middlebrooks v. State,* 184 Ga. App. 791 (1) (363 SE2d 39) (1987). We find no error.

2. At trial, witnesses for the State testified as to out-of-court statements the victim had made to them about appellant's sexual misconduct toward her. The victim also testified, corroborating the other witnesses' testimony. Appellant contends that the witnesses' re-

counting of the victim's prior statements was inadmissible hearsay and improper bolstering. We disagree. The testimony was admissible as provided for by statute (under OCGA § 24-3-16) and case law (*Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985)). Moreover, "inquiry as to impermissible bolstering no longer is necessary following *Cuzzort*, supra. [Cit.]" *Richardson v. State*, 256 Ga. 746 (5) (353 SE2d 342) (1987). No error was committed.

3. At the State's request, and over appellant's objection, the trial court charged the jury that "although force is an essential element of the offense of aggravated sodomy, the law does not require that actual physical violence be perpetrated upon a victim by an accused. Lack of resistance by the victim induced by fear of the accused may constitute the requisite force." Appellant contends that the charge "obviated the requirement of force as an essential element of the crime charged." Appellant's enumeration of error has no merit. The definition of "force" that applies in rape cases also applies in aggravated sodomy cases. *Richardson v. State*, 256 Ga. 746 (2), supra. The force need not be actual violence, but can be an "overpowering" influence that one in a position of familial authority exerts over another, such as a stepfather exerts over his pre-teenage stepdaughter. Id. The victim in this case was ten years old when appellant, her stepfather, first made sexual advances toward her. She testified that she was afraid of him; that he had told her not to tell anyone because it was their "little secret"; and that when she did not do what he told her to do, he would beat her. This testimony "proved the presence of the element of force . . ., the child's fear of bodily harm if she did not accede to her stepfather's wishes." *LePan v. State*, 167 Ga. App. 250 (2) (305 SE2d 858) (1983). There was no error in giving the requested charge.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1988 —
REHEARING DENIED MARCH 29, 1989.

*Cook & Palmour, A. Kristinia Connelly,* for appellant.

*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney,* for appellee.