## 75759. BRYANT v. THE STATE.
(366 SE2d 810)

CARLEY, Judge.

Appellant was indicted on twelve counts arising from four separate incidents. After the trial court granted his motion for severance of offenses, appellant was tried on charges of burglary, rape, and armed robbery stemming from one of the incidents. The jury returned

verdicts of guilty as to each count. Following the trial court's denial of his motion for new trial, appellant appeals from the judgments of conviction and sentences entered on the verdicts.

The sole enumeration of error urges that the trial court erroneously admitted into evidence the inculpatory statement that appellant gave to the police. The contention is that the inculpatory statement was taken in violation of appellant's Fifth Amendment rights, in that he had invoked his right to counsel prior to questioning.

The trial court did not admit appellant's inculpatory statement until it had first conducted a *Jackson-Denno* hearing outside of the presence of the jury. At that hearing, the following was shown: After his arrest, appellant was fully informed of his *Miranda* rights and acknowledged that he understood those rights. Appellant was then asked if he wished to waive his rights and talk to the police. Appellant responded by asking: "Is it possible that the lawyer that will be appointed for me could be here at this time[?]" The officers then truthfully told appellant that counsel could not be appointed until his arraignment and that, if he did not wish to talk with them until that time, he would be returned to jail pending appointment of counsel. Appellant did not then indicate his desire to give a statement only after he had conferred with counsel. Instead, appellant indicated his desire to continue the dialogue. He immediately inquired whether he could ask questions of the police and gave an affirmative answer when he was then specifically asked if he wanted to talk to the officer at that time. The officers further established that appellant understood that he had the right "to stop any time" and the right to confer with an attorney. Only then did the officers secure appellant's execution of a waiver of his *Miranda* rights. Appellant gave his inculpatory statement during the subsequent interview.

The issue before us is the effect that appellant's initial question concerning his court-appointed counsel has upon the admissibility of his subsequent inculpatory statement. At the time that appellant posited his question, it was not clear whether his intent was actually to request counsel or was merely to request additional information concerning his right to counsel before he made a final decision as to whether to give a statement to the officers. Thus, appellant's question "was not a clear invocation of his Fifth Amendment right to the presence of counsel, but it was at [most] an arguably ambiguous or inartful request of that type." *Hall v. State*, 255 Ga. 267, 271 (1) (336 SE2d 812) (1985). "Where a suspect's desires are expressed in an equivocal fashion, 'it is sound and fully constitutional police practice to clarify the course the suspect elects to choose.' [Cit.] . . . [Accordingly,] the scope of any subsequent interrogation should [be] narrowed to an attempt to clarify the nature of [appellant's] question. [Cit.]" *Hall v. State*, supra at 273 (2). In the present case, the investi-

gators correctly attempted to secure a clarification of the nature of appellant's question. They truthfully informed appellant that appointed counsel could not then be present, and that he would not be questioned pending appointment by counsel. Thereafter, appellant, not the officers, continued the dialogue. Appellant never invoked his right to deal with the officers only through counsel and the officers established that appellant was fully cognizant of his right to counsel. Thus, the officers' "efforts at clarification showed that [appellant] did not intend to invoke his Fifth Amendment right to counsel by virtue of [his] equivocal request. Accordingly, we hold that the trial court did not err by admitting appellant's . . . statement into evidence." *Hall v. State*, supra at 275 (3).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 1, 1988.

*Kenneth Kondritzer*, for appellant.
*Spencer Lawton, Jr., District Attorney, Suzanne P. Craig, Assistant District Attorney*, for appellee.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*