## 75928. LITMON v. THE STATE.
### (368 SE2d 530)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with burglary. The jury returned a verdict of guilty. Appellant appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds. After reviewing the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence at trial from which a rational trior of fact could have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After retiring to deliberate, the jury returned to ask the trial court the following question: "If the person is not the person that entered the building, but was an accomplice to [the one who entered], is that person guilty?" In response to this inquiry, the trial court gave the jury an additional instruction on the legal principle of parties to a crime. An instruction on this legal principle had not been included in the original charge given to the jury at the close of the case. Appellant objected to the giving of the charge and moved for a mistrial. The grounds for appellant's objection and motion were that the issue of whether appellant were a party to the burglary rather than the principal had not been raised at trial, that neither the State or appellant had requested the charge and that appellant had not been given the opportunity to argue the issue to the jury. The trial court overruled appellant's objection and denied his motion for mistrial. The trial court's ruling is enumerated as error.

" ' "[I]t is the duty of the judge, *with or without request,* to give the jury an appropriate instruction as to the law on each substantive point of issue involved in (a) case" so as to enable the jury to judi-

ciously decide the guilt or innocence of a defendant. [Cits.]' [Cit.]" (Emphasis supplied.) *Turner v. State*, 178 Ga. App. 888, 890 (3) (345 SE2d 99) (1986). Accordingly, it is immaterial that neither the State nor appellant had requested the charge on parties to a crime. "It seems to be a general proposition that the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. [Cits.] . . . '[O]ur review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations.' [Cit.] Reviewing the . . . additional instructions on parties to a crime . . . , in this light, we do not believe that the court exceeded its discretion in giving them. . . . '[W]hen a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.' [Cit.] . . . Since the recharge [on parties to a crime] was not only warranted by the evidence but also legally accurate and not confusing or misleading as to amount to an abuse of discretion, we find no error. Moreover, we find that [appellant] was not prejudiced as a result of the trial court's denial of his requests to argue to the jury concerning these additional instructions. [Cits.]" *Taylor v. State*, 169 Ga. App. 842, 844 (2) (315 SE2d 661) (1984). See also *Welch v. State*, 257 Ga. 197, 198 (1) (357 SE2d 70) (1987); *Barraza v. State*, 149 Ga. App. 738, 739 (2) (256 SE2d 48) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Helen A. Pryles, Patricia G. Higginbotham, Assistant District Attorneys,* for appellee.