76159. HUDGINS v. THE STATE.
(369 SE2d 54)

McMURRAY, Presiding Judge.

Defendant appeals her conviction for simple battery. *Held*:

1. Defendant first contends the trial court erred "in allowing a tape recording into evidence without the proper foundation having been laid."

"Objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. *Barkley v. State*, 190 Ga. 641 (3) (10 SE2d 32) (1940); *Freeman v. Young*, 147 Ga. 699 (95 SE 236) (1918); *Dillard v. State*, 128 Ga. App. 747 (197 SE2d 924) (1973)." *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673). In the case sub judice, defendant failed to explain upon objection what additional facts were necessary to establish a proper foundation for introducing the tape recording into evidence. Consequently, there is nothing for this court to review.

2. Defendant next asserts the trial court erred in admitting into evidence statements she made to police officers on the ground that the State failed to provide her with copies of the statements in compliance with her OCGA § 17-7-210 request.

Officer Dan Young of the Chattooga County Sheriff's Department testified as follows: "[Defendant] was sitting on the porch when I got out of the vehicle [to arrest her], and she says well, I reckon you are looking for me. And I said if your name is Janice Hudgins, I am. She said well, that's me, I said well okay. And Officer Hill was with me, and [defendant] had her purse with her, and [Officer Hill] says looks like you are ready to go, and she said yeah."

OCGA § 17-7-210 "relates only to those statements made by defendant while in police custody. *Yeargin v. State*, 164 Ga. App. 835, 838 (6) (298 SE2d 606) (1982)." *Webb v. State*, 179 Ga. App. 101, 103 (2) (345 SE2d 648). In the case sub judice, although the object of Officer Young's visit to defendant's residence was for her arrest, defendant was not under arrest at the time of her spontaneous statements to the police officers. Consequently, defendant's statements were not custodial and therefore were not subject to discovery pursuant to OCGA § 17-7-210. Under these circumstances, the trial court did not err in admitting defendant's statements into evidence. See *Mitchell v. State*, 174 Ga. App. 594, 596 (2) (330 SE2d 798). However, assuming the contrary, a review of the evidence presented at trial reveals that introduction of the above statements into evidence was not harmful error as it is highly probable the statements did not contribute to the jury's verdict. See *Wallin v. State*, 248 Ga. 29, 31 (279 SE2d 687), and *Dickey v. State*, 179 Ga. App. 383, 384 (1) (346 SE2d 864). In this regard, the evidence revealed that defendant unmercifully beat the victim about the head and face with her fists. This was more than sufficient evidence to authorize defendant's conviction for simple battery under the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See OCGA § 16-5-23.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1988.

*Edward F. Hurley*, for appellant.
*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.