77169. BAYLES v. THE STATE.
(373 SE2d 266)

DEEN, Presiding Judge.

The appellant, Raymond Bayles, was charged with sodomy, aggravated child molestation, and attempted sodomy. In this interlocutory appeal from the denial of his motion to suppress, Bayles contends that the search warrant was improperly issued because the information given in application for the warrant was stale.

The averring officer, in applying for the warrant to search Bayles's residence, related information given by six boys who claimed that Bayles had molested or sodomized them. All of the boys recalled various accessories which were used by Bayles in accomplishing his sexual deviancy and which were actually found during the search of his residence: "Polaroid pictures of boys; some fully clothed, some in

bathing suits and underwear; a couple of pictures of a male, who appeared to be in his early twenties, without any clothes on; . . . *Playboy* magazines, three magazines that had nude photographs of men, a book on boy prostitution in America . . . a red enema bag that several of the boys we interviewed said would be there, a thermometer that several of the boys also advised had been used in sexual acts, a couple of pairs of boys' shorts, a Polaroid, or some style of Polaroid camera, a small book on erotic sexual positions, a book called ETC . . . a small amount of marijuana was discovered, and liquor. . . ."

The averring officer acknowledged that at the time of the application for the search warrant, the most recent information was approximately six months old and some of the information was almost two years old; however, the officer emphasized that during his investigations of approximately fifty other sexual offense cases it had been his experience that pedophiles usually retained the type of materials remembered by the boys in this case. *Held*:

Bayles contends that the information related by the averring officer was too stale to support issuance of a search warrant. "Time is assuredly an element of the concept of probable cause. *Johnston v. State*, 227 Ga. 387, 390 (181 SE2d 42) (1971). However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.]" *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984).

In the instant case, the information related by the averring officer indicated the existence of an ongoing scheme of child molestation and sodomy, with six different boys recounting similar episodes over the past two years. Because of that ongoing scheme, "the passage of time becomes less significant than would be the case with a single, isolated transaction." *State v. Luck*, supra; see also *Midura v. State*, 183 Ga. App. 523 (359 SE2d 416) (1987). That evidence of an ongoing scheme provided the magistrate with the requisite substantial basis for concluding that probable cause existed. *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). Accordingly, the trial court properly denied Bayles's motion to suppress.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 19, 1988.

*Jesse G. Bowles III*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.