A89A2321. MILLER v. THE STATE.
(392 SE2d 334)

COOPER, Judge.

Appellant was convicted of enticing a child for indecent purposes, two counts of child molestation and three counts of aggravated sodomy.

The evidence presented at trial showed that appellant met the victim, a thirteen-year-old boy with an I.Q. of 51, at the church appellant and the victim's family attended. Appellant befriended the victim, and the victim's parents allowed him to spend weekends with appellant. On the weekend before the victim's fourteenth birthday, appellant took the victim to appellant's house and showed him x-rated videotapes and sexually explicit publications. Appellant committed oral sodomy on the victim, and the next evening the victim committed oral sodomy on appellant while appellant took a picture of the act. Appellant also made the victim place his hand on appellant's penis and stimulate appellant to climax. The victim testified that he was afraid of appellant because appellant owned two rifles and because appellant threatened to beat him if he did not perform the acts.

Although these incidents happened in May 1988, the victim did not tell his parents what had happened until August 1988. The victim's parents reported the incident to the police who immediately executed a search warrant on appellant's residence for the sexually explicit videotapes and publications. The investigating officer testified that he read appellant his *Miranda* rights while the officers searched appellant's house and appellant indicated that he understood them; that after appellant agreed he would accompany the officers to the police station to talk, he was read his rights again; that when appellant was asked to sign a waiver of rights he said that he "might want

an attorney"; that all questions stopped after appellant's remark. The police seized various sexually explicit tapes, magazines, and paraphernalia. Once at the police station, the officers asked appellant again if he wanted an attorney and appellant responded that he did not. Appellant then signed a written waiver of rights in the presence of the officers, and gave a statement, which he signed. In his statement appellant admitted the sexual acts with the victim, but claimed they were initiated by the victim.

1. Appellant enumerates as error the trial court's denial of his motion to suppress. Appellant's statement was admitted after a *Jackson-Denno* hearing. The evidence at the hearing shows that the officers read appellant his rights three times. The second time appellant indicated that he "might want an attorney." At that time all questioning was stopped and, after appellant voluntarily accompanied the officers to the police station, the officers clarified whether appellant wanted an attorney by again reading appellant his rights. Appellant then signed a waiver of rights and made a statement. The issue is the effect of appellant's initial remark that he "might want an attorney." Appellant's remark " 'was not a clear invocation of his Fifth Amendment right to the presence of counsel, but it was at (most) an arguably ambiguous or inartful request of that type.' [Cit.]" *Bryant v. State*, 186 Ga. App. 142, 143 (366 SE2d 810) (1988). The officers stopped questioning appellant upon his remark and did not resume questioning until they had explained his rights to him again and he signed a waiver. We find no error with the trial court's denial of appellant's motion to suppress. Accord *McKenzie v. State*, 187 Ga. App. 840 (5) (371 SE2d 869) (1988).

2. We further conclude that the trial court correctly denied appellant's motion to suppress evidence seized at his residence. Appellant contends that the time frame in the affidavit securing the search warrant did not provide a basis upon which the magistrate could have concluded that the items sought were presently at the named location, and that the information therein was stale because 95 days had elapsed from the time the victim stated he had last observed an X-rated movie until the time the warrant was issued. "Time is assuredly an element of the concept of probable cause. [Cit.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.]" *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984).

The investigating officer averred that he had reason to believe that appellant kept a large quantity of sexually oriented material in his home, which was evidence of the crimes charged in that it showed the bent of mind of the suspect as well as evidence of an ongoing

scheme to possess and retain such sexually explicit matter. Furthermore, the nature of the items was not consumable and the affidavit was issued only three months after the occurrence of the crimes charged and within days of the report being made to the authorities. Accordingly, we find that the requisite substantial basis for probable cause existed. See *Bayles v. State*, 188 Ga. App. 437 (373 SE2d 266).

3. After the jury had deliberated for some three hours, the trial court without request and over objection of defense counsel decided to recall the jurors and instruct them on the lesser included offense of simple sodomy. The jury reached its verdict about an hour later, and appellant contends that giving the recharge was an abuse of discretion because its undue weight and emphasis "catalyzed a verdict from an otherwise hung jury." We do not agree.

" 'The court has a perfect right, after the jury has retired to consider its verdict, to call the jury back into the courtroom and either give further instructions which have been omitted through oversight or, on receiving a request for further instructions, to give such reply as the facts may warrant.' [Cit.]" *Turner v. State*, 178 Ga. App. 888 (3) (345 SE2d 99) (1986).

Moreover, appellant can show no harm because he admitted having performed oral sodomy with the victim and thus the charge on the lesser included offense was favorable to him. " 'Since the recharge [on simple sodomy] was not only warranted by the evidence but also legally accurate and not confusing or misleading as to amount to an abuse of discretion, we find no error.' " *Litmon v. State*, 186 Ga. App. 762 (368 SE2d 530) (1988).

4. In his fourth enumeration of error, appellant contends that the trial court erred in charging the jury that sexual acts directed to a child under the age of fourteen are by law forcible and against the will of the victim. "The definition of 'force' that applies in rape cases also applies in aggravated sodomy cases. [Cit.] The force need not be actual violence, but can be an 'overpowering' influence. . . ." *Treadaway v. State*, 191 Ga. App. 111 (3) (381 SE2d 43) (1989). The victim testified that appellant made him perform the sexual acts and threatened to beat him if he did not perform the acts. The victim also testified that he knew appellant kept guns in the house. There was sufficient evidence from which the jury could find the necessary force to convict appellant of aggravated sodomy. Thus, any error in the giving of the charge was harmless.

5. The trial judge gave a full and complete charge on alibi taken from the suggested pattern jury instructions for criminal cases. Appellant contends that the court erred in refusing to charge, as requested, that he presented evidence that he did not see the victim on the weekend in question. "However, the charge as given adequately covered the principles articulated in [the requested] charge. There

was no error in failing to charge in the language requested by [appellant]. [Cits.]" *Gunn v. State*, 190 Ga. App. 415 (2) (379 SE2d 222) (1989). Accord *Shy v. State*, 190 Ga. App. 370 (4) (378 SE2d 920) (1989).

6. Appellant argues that the evidence was insufficient to support his conviction of aggravated sodomy. For the reasons discussed in Division 4, we find that the evidence was sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

I concur fully with the majority opinion and add that it is apparent from the facts in this case that the planning and programming of the perpetration of the several sex crimes were pointedly predicated on the pornographic photos, pictures, prints, and publications, which exhibits comprise almost one-half of the transcript and record. See *Boatright v. State*, 192 Ga. App. 112, 120 (385 SE2d 298) (1989); *Horne v. State*, 192 Ga. App. 528, 536 (385 SE2d 704) (1989).

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 26, 1990 — ▮▮▮▮▮▮▮▮▮

*H. Samuel Atkins, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.