## A90A0568. SHELTON v. THE STATE.
(395 SE2d 618)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of rape, statutory rape, incest, and child molestation. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. As to his convictions for rape and statutory rape, appellant enumerates the general grounds. Force, as an element of rape, need not be proven by evidence of physical violence. *Raines v. State,* 191 Ga. App. 743, 744 (1) (382 SE2d 738) (1989). Force may be inferred by evidence of intimidation arising from the familial relationship. *Cooper v. State,* 256 Ga. 631 (1) (352 SE2d 382) (1987); *Treadaway v. State,* 191 Ga. App. 111, 112 (3) (381 SE2d 43) (1989). Contrary to appellant's contention, force was sufficiently shown in the instant case. Likewise, the testimony of the victim as to appellant's commission of statutory rape was sufficiently corroborated by medical evidence and by the victim's guidance counselor. *Treadaway v. State,* supra at 111 (2). Accordingly, the general grounds are without merit.

2. Appellant urges that his separate conviction for child molestation must be reversed because it merged with his conviction for statutory rape. However, the dates were not made material averments of the indictment and the victim testified to a separate act of molestation which was independent of the act of statutory rape to which she testified. Accordingly, there was no merger. OCGA § 16-1-6; *Jimmerson v. State,* 190 Ga. App. 759, 762 (4) (380 SE2d 65) (1989); *Huggins v. State,* 192 Ga. App. 820, 821 (2) (386 SE2d 703) (1989).

3. Appellant enumerates as error the introduction into evidence of statements that were made by him to an investigating officer. Contrary to appellant's assertion, OCGA § 17-7-210 is *not* applicable because he was not in police custody at the time he gave the statement. "OCGA § 17-7-210 'relates only to those statements made by defendant while in police custody. [Cit.]' [Cit.]. . . . Consequently, defendant's statements . . . were not subject to discovery pursuant to OCGA § 17-7-210." *Hudgins v. State,* 186 Ga. App. 883, 884 (2) (369 SE2d 54) (1988). Accordingly, the trial court did not err by admitting the evidence over appellant's objection that it had been improperly

withheld.

The exhortations of the investigating officer were not threats of harm or promises of leniency within the meaning of OCGA § 24-3-50. Nothing that the officer said could reasonably have been interpreted by appellant as eliciting an untrue confession of guilt. *Wilson v. State*, 19 Ga. App. 759, 770 (4) (92 SE 309) (1917). " '(T)he hope or fear contemplated by (OCGA § 24-3-50) must be induced by another. A hope or fear which originates in the mind of the person making the [statement] and which originates from seeds of his own planting would not exclude a [statement].' [Cit.]" *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986). The trial court did not err either in admitting appellant's statements into evidence, or in overruling appellant's motion for mistrial predicated upon the introduction of this evidence.

4. The State made a motion in limine to exclude evidence that the victim had falsely made similar accusations against others. After establishing that the alleged prior false accusations related to entirely separate events having no factual connection with the victim's accusations against appellant, the trial court granted the motion in limine on the ground that such evidence did not "pertain to the facts of this case. . . ." This evidentiary ruling is enumerated as error.

Pretermitting the absence of any factual connection, evidence that the victim had previously made false accusations of sexual misconduct against others would nevertheless be a relevant inquiry in the instant case. "[E]vidence of prior false accusations is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. [Cits.]" *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989). Accordingly, the trial court erred in granting the State's motion in limine without having first made "a 'threshold determination (outside the presence of the jury) that [no] reasonable probability of falsity exists. (Cites omitted.)' [Cit.]" *Smith v. State*, supra at 137-138 (1). However, we conclude that the grant of the State's motion in limine without holding a hearing on the reasonable probability of falsity "is error which can be cured by a post-trial hearing in the trial court. Accordingly, appellant's judgment[s] of conviction 'will be affirmed with direction that the trial court conduct a hearing to consider this issue. If on the basis of evidence introduced at such hearing the trial judge concludes [that a reasonable probability of falsity exists so as to render the victim's prior false accusations against others admissible as impeaching and substantive evidence], he must order a new trial. Appellant is granted leave to file a new appeal within 30 days of a trial court decision adverse to appellant on this issue if appellant contends the trial judge (erred) in his ruling.' [Cit.]" *Sapp v. State*, 184 Ga. App. 527, 531 (6) (362 SE2d 406) (1987).

*Judgments affirmed and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990.

*John R. Emmett, Hill & Henry, Wm. Ralph Hill, Jr.,* for appellant.

*Ralph Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney,* for appellee.