## A00A2107. SATTERFIELD v. THE STATE.
### (546 SE2d 859)

PHIPPS, Judge.

Appealing his convictions for selling and trafficking in cocaine, Steven Satterfield argues that the trial court erred by refusing to give his requested jury instructions on the defense of involuntary servitude and by denying his motion for mistrial after the prosecutor improperly called his character into question. We find no error and affirm.

The evidence showed that, on April 2, 1996, Satterfield and his girlfriend, Crystal Davenport, met with two undercover police officers who were posing as marijuana dealers. Satterfield told the officers that he did not need any marijuana, but offered to sell them cocaine. The next day, the officers met Satterfield at a gas station and gave him $700. Satterfield left, then returned about an hour later and handed the officers a napkin filled with 12.5 grams of cocaine.

On April 23, two undercover agents met Davenport at the same gas station and gave her $2,800 to buy more cocaine from Satterfield. Davenport later returned to the gas station with Satterfield, who gave the agents a paper cup containing 52.5 grams of cocaine.

Satterfield was charged with selling cocaine on April 2 and trafficking in cocaine on April 23. At trial, he admitted participating in both sales. However, he testified that after arresting him, the police promised him that they would "make the case go away" if he would assist them in their undercover work by arranging drug buys with other sellers.[1] According to Satterfield, he gave the police the name of his drug supplier and set up four or five undercover deals leading to the arrests of several other people. But ultimately, Satterfield said,

---

[1] The officers denied making any such promise or having the authority to do so.

the officers "just left me holding the bag" and did not follow through on their promise.

1. Satterfield's sole defense at trial was that the State's treatment of him violated the Thirteenth Amendment to the U. S. Constitution prohibiting involuntary servitude. According to Satterfield's attorney, "[t]he defense was that [Satterfield] had been procured, illegally procured as an agent to work for the State involuntarily. . . . [I]t was a modified entrapment justification defense." Satterfield submitted 13 requests to charge on principles of involuntary servitude, but the trial judge denied them all. He contends that the court was obligated to give the charges because they explained his only defense. We disagree.

Involuntary servitude is a constitutional violation,[2] as well as a criminal offense.[3] It is not a criminal defense. Thus, the trial court did not err in failing to give Satterfield's requested charges on involuntary servitude.

It appears that Satterfield's real defense was coercion, justification, or entrapment. However, as there was no evidence that the police forced, coerced, or entrapped Satterfield into selling drugs to them, the trial court did not err in failing to charge on those defenses either.[4]

2. On direct examination, Satterfield testified that he assisted the police in several undercover drug deals. On cross-examination, the following exchange occurred:

PROSECUTOR: And you were able to do that because you were familiar with the drug business, weren't you?
SATTERFIELD: I — not because I was familiar with it or I done it; because I went out and looked for the people.
PROSECUTOR: You indicated you thought your safety was in jeopardy or your health was at jeopardy after these transactions, didn't you?
SATTERFIELD: Yes.
PROSECUTOR: In fact you have been involved in drug transactions before, right?

At that point, Satterfield's attorney objected and moved for a mistrial.[5] The judge denied the motion for mistrial, but instructed the

---

[2] U. S. Const., Amend. XIII; Ga. Const. of 1983, Art. I, Sec. I, Par. XXII.

[3] 18 USC §§ 241, 1584; see generally *United States v. Kozminski*, 487 U. S. 931 (108 SC 2751, 101 LE2d 788) (1988).

[4] See *Davis v. State*, 169 Ga. App. 601, 602 (3) (314 SE2d 257) (1984) (no error to refuse to charge on sole defense where there is no evidence to support the defense); *Strickland v. State*, 221 Ga. App. 516, 519 (2) (471 SE2d 576) (1996) (same).

[5] The State asserts that Satterfield waived his right to seek a mistrial because his

jury to disregard the prosecutor's question. Satterfield claims that a mistrial was required because the prosecutor improperly placed his character in issue, in violation of OCGA § 24-9-20 (b). We disagree.

Satterfield testified at length on direct examination that he arranged numerous drug buys for the police and that he was threatened and attacked by individuals who were arrested as a result of his aid. This testimony opened the door to the prosecutor's questions about how he was able to arrange those drug buys and whether any danger he faced could have come from his involvement in other drug transactions. The prosecutor simply was exercising his right to cross-examine and impeach Satterfield on matters about which he had testified on direct.[6] The fact that the prosecutor incidentally may have raised questions about Satterfield's character does not render the inquiry improper.[7] In any event, the judge gave a prompt curative instruction after Satterfield's attorney objected.[8] Under the circumstances, the trial judge did not abuse his discretion in refusing to declare a mistrial.

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 7, 2001.

*Justin J. Wyatt*, for appellant.
*Patrick H. Head, District Attorney, Maria B. Golick, Assistant District Attorney*, for appellee.

---

attorney did not object after the prosecutor's first question about Satterfield's familiarity with the drug business. Counsel's short delay, however, did not constitute a waiver. Compare, e.g., *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986) (finding waiver where prosecutor asked multiple questions on allegedly improper subject before defense counsel moved for mistrial).

[6] See *Middlebrooks v. State*, 184 Ga. App. 791, 792 (1) (363 SE2d 39) (1987).

[7] See *Mulkey v. State*, 250 Ga. 444, 446 (3) (298 SE2d 487) (1983); *Jones v. State*, 257 Ga. 753, 759 (1) (c) (363 SE2d 529) (1988).

[8] See *Hayes v. State*, 193 Ga. App. 33, 34 (3) (387 SE2d 139) (1989).