A97A2386. PRYOR v. THE STATE.
A97A2387. PRESSLEY v. THE STATE.
A97A2388. KELLY v. THE STATE.
(497 SE2d 805)

MCMURRAY, Presiding Judge.

Defendants Pryor, Pressley and Kelly were jointly indicted for the armed robberies of Tom Tolksdorf and Lance Simmons ("the victims"). The evidence adduced at a joint jury trial reveals the following: At about 12:30 in the morning on November 4, 1995, the victims were at a carwash working on Simmons' car when three masked men appeared and ordered them to " '[g]ive it up and be still.' " Although masks covered the assailants' faces, both Tolksdorf and Simmons noticed that one assailant was white. Tom Tolksdorf noticed that the other assailants were African-Americans.

While the white assailant subdued the victims at gunpoint, the African-Americans searched the victims and seized money and other effects from their pockets. When the robbery was over, the white robber removed the keys from Simmons' car, pitched the keys into a nearby parking lot and fled with his accomplices. Simmons retrieved the keys, returned to his car and chased the robbers — all while keeping sight of the assailants' track. During the chase, Simmons flagged down a patrolling law enforcement officer and hollered for assistance. The officer responded and apprehended the suspects. Police officers found masks and the victims' driver's licenses in the robbers' getaway car.

The jury found the defendants guilty of the crimes charged. Defendant Pryor appeals in Case No. A97A2386; defendant Pressley appeals in Case No. A97A2387 and defendant Kelly appeals in Case

No. A97A2388. *Held*:

## Case No. A97A2386

1. Defendant Pryor contends, in his first two enumerations of error, that the trial court erred in denying his challenge to the array because "the [trial] court clerk put a jury panel upon [him] that did not fairly represent black citizens in Henry County, Georgia." This assertion is without merit because de facto discrimination is not shown by evidence that a single jury panel contained a disproportionately small percentage of African-Americans compared to the population at large. *Scudiere v. State*, 130 Ga. App. 477, 481 (12), 482 (203 SE2d 581).

2. Our holding in Division 1, considering the evidentiary basis of defendant Pryor's challenge to the array, renders it unnecessary to address his contention that the "trial court erred in denying [him] an evidentiary hearing on his timely challenge to the array during his criminal trial."

3. Defendant Pryor finally contends that the State failed to prove venue. This assertion is also without merit. Simmons testified that the crimes occurred in Henry County. This evidence was sufficient to authorize the jury's finding, beyond a reasonable doubt, that the crimes charged were committed in Henry County, Georgia, as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Nihart v. State*, 227 Ga. App. 272, 277 (2) (488 SE2d 740), and cits.

## Case No. A97A2387

4. In three enumerations of error, defendant Pressley contends the trial court erred in admitting the victims' in-court identification testimony. These enumerations of error are not supported by the record. Neither victim identified defendant Pressley as a perpetrator of the crimes charged. The victims testified that they could not identify the assailants because masks covered the robbers' faces. The victims merely identified defendant Pressley as one of the men apprehended shortly after commission of the crimes charged.

## Case No. A97A2388

5. Defendant Kelly first contends the trial court erred in admitting a ski mask and a hood police officers found in the robbers' getaway car, pertinently arguing that the State failed to authenticate these items via a proper chain of custody. This argument is without merit. Unlike fungible items, distinct physical objects which are identified upon observation require no custodial proof for admission

into evidence at trial. *Turner v. State*, 178 Ga. App. 888 (1) (b) (345 SE2d 99). Because the ski mask and hood seized from the robbers' getaway car were distinct physical objects which were identified and differentiated by an officer's senses on observation, the State was not required to establish a chain of custody for admission of these items into evidence at trial. *Droke v. State*, 252 Ga. 472, 475 (6) (314 SE2d 230).

6. Because the victim, Tom Tolksdorf, admitted at trial that he mistakenly misidentified the trade name of a service station near the crime scene in a written statement he provided the police shortly after the crimes charged, the trial court did not err in refusing to admit this witness' written statement into evidence at trial for impeachment purposes. *Dickey v. State*, 240 Ga. 634, 638 (3), 639 (242 SE2d 55). Further, Tom Tolksdorf's admission that he inadvertently misidentified the service station's trade name in his written statement to the police did not authorize a charge on impeachment. See *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867). And even if Tolksdorf's admission had supported a charge on impeachment, defendant waived his right to such a charge by failing to file a timely written request to charge on the subject of impeachment. *Wallace v. State*, 216 Ga. App. 718, 720 (4) (455 SE2d 615). Defendant Kelly's second and third enumerations of error are thus without merit.

7. Defendant Kelly contends his testimony that he was an unwilling participant in the armed robberies defeats the jury's finding that he is guilty of the crimes charged beyond a reasonable doubt. This assertion is without merit.

The victims' testimony regarding the robbers' joint participation in the crimes charged, as well as the victims' testimony regarding defendant Kelly's apprehension shortly after the crimes charged, contradicts defendant Kelly's claim of duress and authorizes the jury's finding that defendant Kelly is guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307, supra; *Belt v. State*, 225 Ga. App. 813, 814 (1) (485 SE2d 39).

*Judgments affirmed. Beasley and Smith, JJ., concur.*

DECIDED FEBRUARY 13, 1998 —
RECONSIDERATION DENIED MARCH 12, 1998

*Smith, Furr, Schroeder & O'Connell, B. J. Smith, R. Edward Furr, Jr., Gregory Z. Schroeder, John J. O'Connell, Jr.*, for appellant (case no. A97A2386).

*James W. Bradley*, for appellant (case no. A97A2387).

*William D. Patten, Jr.*, for appellant (case no. A97A2388).

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.