## A99A0251. STARKS v. THE STATE.
### (516 SE2d 590)

McMurray, Presiding Judge.

Defendant Starks appeals his conviction of the offense of theft by shoplifting and the sole enumeration of error challenges the sufficiency of the evidence to authorize the conviction. *Held*:

Viewed in the light most favorable to sustaining the verdict of the jury, the evidence shows that defendant and a companion were observed via security camera in a Belk's retail store by Douglas Martin, a store employee working as a loss prevention agent. Defendant was seen trying on a Nautica brand jacket. His companion was seen concealing merchandise on his person and became the focus of attention. Martin unsuccessfully sought to apprehend defendant's companion, who exited the store and was lost sight of in the adjoining shopping mall. While he had been pursuing defendant's companion in Belk's, Martin directly observed defendant and saw that he was still wearing a Nautica jacket. Later, after losing sight of defendant's companion, Martin saw defendant exit the store still wearing a Nautica jacket. Martin, along with Brian Koppenhaver, another Belk's security officer, proceeded to follow defendant out to a vehicle in the parking lot where his companion from the store was waiting. The two security officers approached defendant and his companion. Defendant removed the Nautica jacket he was wearing and placed it in his vehicle before he and his companion accompanied the security officers to their office. Along with Douglas Davis, a third security officer, Koppenhaver looked inside the vehicle and could identify the Nautica jacket as merchandise of the Belk's store due to the presence of the store's tags. Davis removed the jacket from the vehicle and it was possible via the coded numbers on the tags to identify the jacket as the merchandise of that specific Belk's store.

Defendant testified that he saw the jacket bearing the Belk's tag for the first time when he returned to the car and that he picked it up, tried it on, and then put it back in the car. According to defendant's explanation, the Nautica jacket he had been seen wearing was one that he had borrowed. Defendant argues that the borrowed jacket he was wearing was confused with one actually stolen by his companion and that there is no proof that he placed the stolen jacket in the car. However, the prosecution's evidence established that there was no second Nautica jacket in the car and that the sole Nautica jacket worn by defendant was the property of the Belk's store.

Any credibility issues created by the conflicts in the evidence presented at trial were within the exclusive province of the jury. *Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676). The evidence at trial was sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of theft by shop-

lifting. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Scott v. State*, 234 Ga. App. 378, 380 (3) (506 SE2d 880).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 23, 1999.

*Colin A. Fieman*, for appellant.

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.