## A99A1484. RIDLEY v. THE STATE.
### (523 SE2d 383)

MILLER, Judge.

A jury found Maurice Ridley guilty of armed robbery but acquitted him of possession of a firearm during the commission of a crime. On appeal, Ridley enumerates as error (i) the sufficiency of the evidence, (ii) the admission of clothing as evidence, (iii) the ineffectiveness of his counsel, and (iv) the inconsistency of the verdicts. We affirm.

1. Arguing the evidence was insufficient, Ridley claims that the only evidence implicating him in the robbery was his uncorroborated statement to the police and the prior inconsistent statement of a witness. On appeal of a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[1] The test established in *Jackson v. Virginia*[2] is whether, construing the evidence in favor of the State, a rational trier of fact could have found Ridley guilty beyond a reasonable doubt. This test applies whether the challenge arises from the overruling of a motion for directed verdict, as here, or the overruling of a motion for new trial.[3]

Viewed in this light, the evidence showed that two men wearing masks and carrying handguns entered and robbed a corner market. The owner of the store and his son testified that one man removed the cash from the register, while the other man grabbed an armful of clothing from a rack in the front of the store. Both men fled the store on foot.

Following the robbery, the police interviewed a witness who stated that on the evening of the robbery, she saw two men running from the store carrying clothing items. She identified the men as Ridley and David Cobb. The police searched Cobb's residence and found the clothing taken from the robbery. Ridley was arrested and confessed that he and Cobb robbed the store, but Ridley informed the

---

[1] See *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367) (1991).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] Id.

police that his gun was a plastic gun painted chrome to look real.

Although a confession alone is insufficient to sustain a conviction, a corroborated confession is sufficient.[4] Two things corroborated the confession: Cobb's possession of the clothes and the witness's statement that she saw Ridley and Cobb running from the store with clothing in hand. Even though at trial the witness denied making the statement, a prior inconsistent statement of a witness who testifies and is subject to cross-examination is admissible as substantive evidence.[5] The evidence sufficed to sustain the conviction.

2. Ridley argues that because the State failed to prove a chain of custody, the trial court erred by admitting the clothing found at Cobb's residence. Unlike fungible items, clothing is a distinct physical object which is identifiable upon observation and does not require custodial proof for admission into evidence at trial.[6] The owner of the store identified the clothing as merchandise his store carried at the time of the robbery. The State need not prove the authenticity of an exhibit to an absolute certainty.[7] This enumeration lacks merit.

3. Ridley also argues that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Ridley must show both that his counsel's performance was deficient and that, but for the deficiency, the outcome of the trial would have been different.[8] Moreover, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that the challenged action might be considered sound trial strategy.[9] Finally, a trial court's determination that a defendant was provided effective assistance of counsel will not be reversed unless the decision is clearly erroneous.[10]

Ridley argues his trial counsel was ineffective because (i) he met with Ridley on only two occasions before the trial, (ii) he did not interview the witnesses or the co-defendant, and (iii) he did not call Ridley or any other defense witnesses. But Ridley's counsel testified at the new trial hearing that he met with Ridley on several occasions. He determined witness interviews were unnecessary since he had a transcript from Cobb's trial, which contained the testimony from the State's witnesses and Ridley's alibi witnesses. With the advice of counsel, Ridley himself decided not to testify; the advice was based

---

[4] *Jenkins v. State*, 232 Ga. App. 395, 396 (2) (501 SE2d 891) (1998).

[5] *Gibbons v. State*, 248 Ga. 858, 862 (2) (286 SE2d 717) (1982).

[6] *Kenney v. State*, 236 Ga. App. 359, 360 (4) (511 SE2d 923) (1999); *Pryor v. State*, 231 Ga. App. 136, 137 (5) (497 SE2d 805) (1998).

[7] *Kates v. State*, 152 Ga. App. 29, 30 (2) (262 SE2d 221) (1979).

[8] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Clay v. State*, 232 Ga. App. 656, 657 (1) (503 SE2d 560) (1998).

[10] *Upshaw v. State*, 215 Ga. App. 529, 530 (3) (451 SE2d 125) (1994).

on Ridley's poor testimony at the earlier trial of Cobb.[11] Ridley also concurred in the decision not to call any witnesses, so as to preserve the last word in closing argument.[12] The court did not clearly err in finding Ridley received effective assistance of counsel.

4. Ridley's final argument is that the acquittal on the gun possession charge was inconsistent with the conviction on the armed robbery charge, thus rendering the guilty verdict invalid under the inconsistent verdict rule. *Milam v. State*[13] abolished the inconsistent verdict rule and found that the sole question was whether the evidence when viewed in favor of the conviction was sufficient to support the verdict. Ridley cites *Strong v. State*[14] to support his argument that inconsistent verdicts must be reversed. *Kimble v. State*[15] overruled *Strong* on this very ground. As such, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1999.

*Brian A. McDaniel*, for appellant.
*J. David Miller, District Attorney, A. Scott Gunn, Wesley J. Lewis, Assistant District Attorneys*, for appellee.

---

[11] See *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997) (advice not to testify is tactical decision); *Williams v. State*, 239 Ga. App. 598, 599 (2) (521 SE2d 650) (1999).

[12] See *Gurr v. State*, 238 Ga. App. 1, 4 (5) (516 SE2d 553) (1999) (preserving the final word in closing argument is a well-recognized trial tactic).

[13] 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[14] 223 Ga. App. 434 (477 SE2d 866) (1996).

[15] 236 Ga. App. 391, 394 (1) (512 SE2d 306) (1999).