A00A1941. HALL v. THE STATE.
(538 SE2d 166)

PHIPPS, Judge.
Jerry Hall was convicted of possession of cocaine with intent to distribute. Although the Fulton Superior Court allowed him to file an out-of-time motion for new trial in which he claimed ineffective assistance of trial counsel, the court denied the motion.

Hall appeals, charging his trial attorney with deficient performance in failing to raise a chain-of-custody objection to the trial court's admission in evidence of the substance taken from the crime scene and found to be cocaine. Hall argues that the State failed to

establish an adequate chain of custody because the evidence bag containing the substance was turned over to an unidentified employee of the State Crime Laboratory, and unidentified crime lab personnel had access to the bag while it was stored in an evidence vault. We find no merit in these arguments and affirm.

A City of Atlanta police detective transported the substance to the crime lab in a sealed bag. The detective testified that she delivered the bag to a crime lab supervisor who in turn gave it to a chemist for testing. It is undisputed that Patricia Caldwell is the chemist who initially tested the substance in the bag. When this case came on for trial, however, Caldwell was no longer employed by the crime lab and was not available to testify. As a result, the substance in the bag was tested again, by Patricia Price, a chemist and assistant supervisor at the crime lab. This test showed the substance to be cocaine. Price testified that each chemist who analyzes drugs has access to an assigned area in the evidence vault and that, in her capacity as assistant supervisor, she had access to the area where the evidence in this case was kept. Price further testified that a chemist who leaves the employ of the crime lab transfers evidence under his or her control to Price or her supervisor, Terry Mills, and they maintain control of it. Price's testimony showed that the evidence bag was sealed before she tested its contents and was resealed by her afterward.

In a recent case, this Court articulated what the State must show to prove an adequate chain of custody in a case such as this:

> In order to show a chain of custody adequate to preserve the identity of fungible evidence, the state must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. [Cit.] The state is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence. [Cit.][1]

The trial court was authorized to find that the State carried this burden.

Although the Atlanta police detective failed to identify the supervisor to whom she delivered the evidence bag, she testified that she observed the supervisor hand the bag to a chemist for testing. The trial court was authorized to find that the chemist was Caldwell. The evidence shows that the evidence bag was sealed when initially delivered to Caldwell and when later turned over to Price and that, while at the crime lab, the evidence bag remained in an area of the evidence vault to which only Caldwell, Price, and Mills had access.

---

[1] *Sanders v. State*, 243 Ga. App. 216, 217 (1) (534 SE2d 78) (2000).

"Therefore, the identity of the sample and the chain of custody to preserve its identity [were] sufficiently established to permit its introduction into evidence. [Cits.]"[2] Consequently, defense counsel did not render deficient performance in failing to object.[3]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 10, 2000.

*William R. Wansker*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[2] *Herndon v. State*, 187 Ga. App. 77-78 (1) (369 SE2d 264) (1988); see *Shrader v. State*, 159 Ga. App. 522, 524 (2) (284 SE2d 37) (1981).

[3] *Hammond v. State*, 264 Ga. 879 (452 SE2d 745) (1995).