A00A1866. LEWIS v. THE STATE.
(545 SE2d 381)

PHIPPS, Judge.

Patricia Ann Lewis appeals her conviction of felony theft by shoplifting. She contends that the trial court erred in denying her motion for directed verdict, in admitting the State's exhibits, and in failing to instruct the jury on the lesser included offense of misdemeanor theft by shoplifting. We disagree and affirm.

Employees of the Geoffrey Beene store at Tanger Outlet Mall testified that on March 1, 1998, Lewis, in the company of another woman, entered the store carrying a large Liz Claiborne shopping

---

[8] See *In the Interest of N. B.*, 239 Ga. App. 336, 339 (2) (521 SE2d 47) (1999).

bag. A sales associate testified that moments later she saw Lewis take out an empty white plastic bag, turned inside out, with a distinctive red marking. An assistant manager testified that later she saw Lewis exit the store carrying the Liz Claiborne bag and the white bag, which was now full. She testified that inside the white bag she could see Geoffrey Beene price tags. Lewis had not purchased anything in the store.

The assistant manager called the police and monitored the movements of Lewis and her companion in the outlet mall. When the police arrived, she pointed out Lewis and her companion as they exited a hosiery store and entered a shoe store. An officer entered the shoe store and saw the white bag, turned inside out, on the floor near where Lewis stood. The bag was found to contain four polo shirts and two pairs of jeans. Each item had a price tag attached and was identified by the Geoffrey Beene assistant manager as having come from that store.

1. Lewis argues that she was entitled to a directed verdict because: (1) no State's witness saw her conceal any merchandise inside the Geoffrey Beene store; and (2) there was no direct evidence that the items found in the white bag were the same as those she allegedly took from the Geoffrey Beene store.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[1]

A conviction may be based upon circumstantial evidence so long as the evidence is strong enough to exclude every reasonable hypothesis except the guilt of the accused.[2] To the extent that the evidence of shoplifting was circumstantial, it was sufficient to allow a rational trier of fact to conclude that Lewis concealed merchandise belonging to the Geoffrey Beene store in the white bag and exited the store with it.

Moreover, a rational trier of fact could have concluded that the clothes found in the white bag were the same clothes that Lewis took

---

[1] (Citations and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).

[2] See generally OCGA § 24-4-6.

from the store. Both store employees identified the white bag as the one Lewis had carried from the store. The officer took possession of the bag only a short time after Lewis left the store with it. Consistent with the store manager's account, the bag contained merchandise bearing Geoffrey Beene price tags. And the manager testified that she was not presented with a receipt for the merchandise. Lewis was not entitled to a directed verdict of acquittal.

2. At trial, the State introduced nine exhibits — the six articles of clothing, the white bag, an empty bag which was found inside the white bag, and an empty bag which was found inside the Liz Claiborne bag. Lewis contends that the trial court erred in admitting the exhibits because the State failed to establish a chain of custody for them. Distinct physical objects such as clothing do not require custodial proof for admission into evidence.[3] Instead, they may be admitted based upon identification by a witness who has observed them.[4] The white bag was identified by both store employees and by the police officer who seized it. The store manager identified each article of clothing as merchandise carried by the Geoffrey Beene store at the time of the theft.[5]

Moreover, the record shows that the State established a chain of custody for the exhibits. The officer who seized the white bag testified that he gave it to the officer who initially responded to the shoplifting call. That officer testified that when he received the white bag, he inventoried the items inside, prepared a property evidence sheet, and placed the seized items in the evidence property room at the police department. He testified that the exhibits were the same items he had taken possession of at the scene and that their condition had not changed, although "[he] might have folded them up." The State established with "reasonable certainty that the evidence [was] the same as that seized and that there [had] been no tampering or substitution."[6] The trial court did not err in admitting the exhibits.

3. The trial court did not err in denying the defense's request to charge on misdemeanor theft by shoplifting because the evidence showed either the commission of felony shoplifting or no offense.[7] On the date of this incident, a merchandise value of $100 was the demarcation point between felony and misdemeanor shoplifting.[8] The uncontradicted evidence was that the four polo shirts cost $19.99

---

[3] See *Ridley v. State*, 240 Ga. App. 307, 308 (2) (523 SE2d 383) (1999); *Kenney v. State*, 236 Ga. App. 359, 360 (4) (511 SE2d 923) (1999); *Pryor v. State*, 231 Ga. App. 136, 137-138 (5) (497 SE2d 805) (1998).

[4] Id.

[5] See *Ridley*, supra.

[6] (Citation omitted.) *Hall v. State*, 245 Ga. App. 529, 530 (538 SE2d 166) (2000).

[7] See *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990).

[8] See OCGA § 16-8-14, the 1998 amendment.

each, the two pairs of jeans cost $24.99 each, and the total value of the merchandise exceeded $100. Thus, there was no basis for a charge on misdemeanor theft by shoplifting.

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 5, 2001.

*Chapman & Pope, Daniel C. Chapman III*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney*, for appellee.