## A01A0864. RUSSAU v. THE STATE.
(552 SE2d 890)

PHIPPS, Judge.

A grand jury indicted John Henry Russau for theft by shoplifting. At trial, the court denied Russau's motion for a directed verdict of acquittal, and he was convicted. Russau appeals, challenging the sufficiency of the evidence and the denial of his motion for a directed verdict. Because we find the evidence was sufficient, we affirm.

1. Russau contends that the trial court erred in denying his motion for a directed verdict of acquittal and that the evidence was insufficient to support the verdict.

> A person commits the offense of theft by shoplifting when he . . . , with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.[1]

> The standard for reviewing a denial of a motion for directed verdict of acquittal or the sufficiency of the evidence is whether, under

---

[1] OCGA § 16-8-14 (a) (1).

*Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[3] We view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[4] This Court does not weigh the evidence or determine witness credibility.[5]

The evidence showed that on July 26, 1999, a Wal-Mart employee saw Russau pushing a shopping cart in the store. Inside the shopping cart were B. C. Powders, aspirin, and a blue plastic Wal-Mart bag, containing more B. C. Powders and aspirin. Russau pushed the cart to the front of the store, took the bag out of the cart, then walked out of the store, without passing through a check-out aisle. As he exited, the store's alarm sounded. The employee followed Russau through the parking lot and called to him several times, asking him to return to the store. Russau's only response was that he "sped up" and began to "duck down" between cars. Russau then entered a car and sped away. The employee testified that he was so close to Russau that he could have "reached in the car and turned the switch off. . . ." The employee reported the incident, as well as the car's tag number, to an assistant store manager who called the police.

At trial, the assistant store manager stated that she had seen Russau in the medicine aisle of the pharmacy department after the department had closed for the day. She testified that items purchased within the store's various departments, including the pharmacy department, are placed in clear bags, whereas items purchased at the front registers are placed in blue bags. This is done so that Wal-Mart employees can distinguish where purchases were made. She also explained that items in the pharmacy department priced over $5 have sensor tags, which are desensitized when scanned by a cashier as payment is made.

A police detective who was assigned to the case testified that after learning the car's tag number from the assistant manager, he obtained the address listed for that vehicle and mailed a letter there. Thereafter, Russau contacted him, claiming the car with that tag number was his own and stating that he was the primary driver of the car. He also admitted that he had been to the Wal-Mart store, although he could not remember exactly which days he was there. The detective scheduled an appointment for Russau to come to the police department to discuss the shoplifting report, but Russau did not appear. When the detective called Russau's home, the telephone

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Lewis v. State*, 247 Ga. App. 808, 809 (1) (545 SE2d 381) (2001).

[4] *Millwood v. State*, 237 Ga. App. 748 (1) (516 SE2d 799) (1999).

[5] Id.

was disconnected, and subsequent letters to Russau's home came back marked "return to sender."

Russau relies on *Calhoun v. State*,[6] where we reversed the defendant's shoplifting conviction based on insufficiency of the evidence. However, that case is distinguishable. In *Calhoun*, the State relied upon hearsay evidence which has no probative value to establish the shoplifting charge.[7] Here, the evidence implicating Russau is competent evidence with probative value.

Russau further points out that the witnesses did not see him enter the store, did not know whether he had purchased items in the store, and did not see him put any store merchandise in the bag and that no Wal-Mart merchandise was recovered from him or his residence. But a defendant may be convicted on circumstantial evidence where the proved facts are consistent with the hypothesis of guilt and exclude every other reasonable hypothesis.[8] Here, Russau was seen in the medicine aisle of the pharmacy department after that department closed and was seen thereafter pushing a shopping cart containing B. C. Powders and aspirin from that department. Then he left the store without paying for any merchandise at the front of the store carrying B. C. Powders and aspirin in a bag that was not consistent with a purchase made within a department of the store. As he exited, the store's alarm sounded, indicating that he was carrying store merchandise which had not been purchased. Russau did not return to the store when asked by the employee but instead attempted to elude the employee before speeding away in a car. He later admitted that the car was his, that he was the primary driver, and that he had been at the Wal-Mart store. Even though the evidence was circumstantial, viewed in the light most favorable to the verdict, it was sufficient to allow a rational trier of fact to conclude that Russau was guilty beyond a reasonable doubt of theft by shoplifting.[9]

2. Russau's brief fails to support his remaining claim of error with citation of authority or argument. Therefore, it is deemed abandoned.[10]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 24, 2001.

---

[6] 213 Ga. App. 375 (444 SE2d 405) (1994).
[7] Id. at 376-377; see *Agony v. State*, 226 Ga. App. 330, 331 (2) (486 SE2d 625) (1997).
[8] OCGA § 24-4-6; *Lewis*, supra.
[9] *Jackson*, supra; *Lewis*, supra.
[10] Court of Appeals Rule 27 (c) (2).

*Darrell B. Reynolds, Sr.*, for appellant.
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.