## A03A0790. HORNE v. THE STATE.
(580 SE2d 644)

JOHNSON, Presiding Judge.

A jury found Jere Horne guilty of theft by shoplifting. Horne appeals, alleging (1) the evidence was insufficient to support the jury's verdict, (2) he received ineffective assistance of counsel, (3) the trial court erred in denying his motion to suppress evidence seized from his car, (4) the trial court erred in denying his motion to suppress his pre-trial identification, (5) the trial court erred in failing to give one of his requested charges, and (6) the trial court erred in allowing testimony and evidence of another shoplifting incident. Because each of these enumerations of error lacks merit, we affirm Horne's conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Horne placed seafood valued at $346 in a shopping cart. A store employee saw him leaving the store without paying for the items. The store manager saw Horne place the items in the trunk of his car. The store manager tried to speak with Horne in the parking lot, but Horne got in his car and left the parking lot. The store manager called another store located a few miles down the road and described Horne and his vehicle.

Within minutes, Horne was noticed by an employee working the customer service desk at the other store. The employee saw Horne walk out of their store with a hand basket and paged his store manager. The employee and store manager followed Horne into the parking lot and asked to see a receipt for the items in the hand basket. Horne dropped the basket and tried to run away. However, store employees restrained Horne until police arrived.

Meanwhile, a police officer had responded to the first store and was speaking with the witnesses there. Upon receiving word that an individual who fit the suspect's description was being detained at a nearby store, the officer transported the first store's manager to the nearby store. The store manager positively identified Horne as the individual who had shoplifted the items from his store. The store manager also positively identified Horne's car.

After being read his rights, Horne allowed the officer to search his car. A search of the car's trunk revealed numerous meat and seafood items. The store manager identified a number of these items as coming from his store based on the store code markings.

Horne contends the trial court erred in denying his motion for new trial because the identity and value of the items were not proven beyond a reasonable doubt. However, the record shows sufficient evidence of both the identity and value of the items.

On appeal, Horne no longer enjoys a presumption of innocence.[1] Moreover, this Court does not weigh the evidence or determine witness credibility; we merely determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Horne was guilty of shoplifting.[2] Viewed in the light most favorable to support the jury's verdict, the evidence was sufficient in this case. The trial court did not err in denying Horne's motion for new trial on this ground.[3]

2. Horne contends he received ineffective assistance of counsel because his trial attorney (1) did not investigate or listen to a videotape involving Horne's consent to search his car, and (2) did not subpoena witnesses or documents from the store to challenge the pricing and identification of the items. The trial court found that Horne received effective assistance of counsel. We agree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[4] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[5] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[6]

(a) Horne's trial counsel testified that he was aware that a videotape was taken when Horne was arrested and allegedly consented to a search of his car. However, trial counsel also knew that the copy of the videotape given to the district attorney's office was defective. While the attorney could have requested a court order to produce the original, he testified that he did not feel the videotape was important because the store manager saw Horne put the items in his trunk, thus giving the police probable cause to search the car regardless of whether Horne gave valid consent to search. Thus, defense counsel's election not to investigate or listen to the videotape was a matter of tactics and strategy and, whether ultimately wise or unwise, did not amount to ineffective assistance of counsel.[7]

Moreover, even if the attorney's performance can be character-

---

[1] *Russau v. State*, 250 Ga. App. 717, 718 (1) (552 SE2d 890) (2001).

[2] Id.

[3] See *Lewis v. State*, 247 Ga. App. 808, 809 (1) (545 SE2d 381) (2001); *Starks v. State*, 237 Ga. App. 741 (516 SE2d 590) (1999).

[4] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[5] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[6] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[7] See *Bagwell v. State*, 270 Ga. 175, 179 (1) (e) (508 SE2d 385) (1998).

ized as deficient, Horne has failed to show a reasonable probability that, but for trial counsel's error, the result of the proceeding would have been different.[8] It is well established that in cases where there is probable cause to search a vehicle, a warrantless search of the vehicle is lawful under the automobile exception to the warrant requirement.[9] Here, given the store manager's testimony that he saw Horne place the items in the trunk of his car, as well as Horne's subsequent actions, it is unlikely that Horne's trial counsel would have been able to suppress the evidence found in the trunk of Horne's car. Since a motion to suppress on the basis alleged would be meritless, it cannot serve as the basis for ineffective assistance of counsel.[10]

(b) We further find no merit in Horne's claim that his trial counsel was ineffective for failing to subpoena witnesses or documents from the store to challenge the pricing and identification of the items. The store manager clearly identified the seafood and explained how the items found in Horne's trunk were labeled with a store code. The packages also contained pricing labels.

According to trial counsel, he performed an independent investigation by interviewing the witnesses and going to the stores to verify the pricing of the items. Trial counsel testified that the valuation of the merchandise was irrelevant to whether the offense was a felony or misdemeanor in this case due to the number of prior shoplifting offenses committed by Horne.[11] Trial counsel further testified that as a matter of trial strategy, he did not want to introduce evidence regarding the pricing and valuation of the items found in Horne's trunk because it would have eliminated his right to opening and concluding remarks in closing argument. This is a recognized strategy of trial counsel which, under the circumstances of this case, does not demonstrate ineffective assistance.[12]

3. Horne argues that the trial court erred in denying his motion to suppress the items found in the trunk of his car. We first note that while Horne argued that he did not consent to the search of his car, the trial judge weighed the credibility of the testimony and found that Horne did freely and voluntarily consent to the search of his car. Based on the evidence presented in the record, we agree with the trial court's finding. Moreover, even if Horne did not consent to the

---

[8] See *Cofield v. State*, 216 Ga. App. 623, 627 (5) (455 SE2d 342) (1995).

[9] See *Benton v. State*, 240 Ga. App. 243, 245 (2) (522 SE2d 726) (1999); *Richardson v. State*, 232 Ga. App. 398, 401 (3) (501 SE2d 885) (1998).

[10] See *Moon v. State*, 252 Ga. App. 796, 799 (2) (b) (557 SE2d 442) (2001); *Cromartie v. State*, 241 Ga. App. 718, 720 (1) (d) (527 SE2d 228) (2000).

[11] See OCGA § 16-8-14 (b) (1) (C).

[12] *Harris v. State*, 274 Ga. 422, 427 (9) (554 SE2d 458) (2001); *George v. State*, 257 Ga. App. 645, 647 (2) (572 SE2d 644) (2002).

search of his car, the search was valid based on our reasoning in Division 2 (a) of this opinion. This enumeration of error lacks merit.

4. Horne contends the trial court erred in denying his motion to suppress the out-of-court, pre-trial identification by the store manager. Although one-on-one showups have been sharply criticized and are inherently suggestive, the identification need not be excluded as long as the identification was reliable notwithstanding any suggestive procedure under all the circumstances.[13] The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[14]

In the present case, the record shows that the store manager viewed Horne's face for approximately ten seconds from a distance of thirty to forty feet. According to the store manager, he was able to get a good look at Horne during that time. In fact, the store manager gave police and the manager of the second store a description of Horne. And, the store manager positively identified Horne on the scene less than 30 minutes after seeing him commit the crime at his store. Under the circumstances, the identification was reliable, and the trial court's ruling was not clearly erroneous.[15]

5. The trial court did not err in failing to give Horne's requested charge on "bare suspicion."

The trial evidence raised more than a mere suspicion of Horne's guilt.[16] Witnesses testified that Horne left the store without paying for items, that he placed the items in the trunk of his car, that he drove to another store and attempted to leave that store without paying for items, that Horne could not produce a receipt for the items in the trunk of his car, and that the items in the trunk of his car came from the first store. The record also shows that the trial court gave complete instructions on reasonable doubt and the presumption of innocence. Since these charges covered the principles of law embodied in Horne's requested charge on bare suspicion, we find no error in the trial court's refusal to give the requested charge.[17]

6. Horne contends the trial court erred in allowing into evidence testimony and evidence of the second shoplifting incident. However,

---

[13] See *Ellis v. State*, 215 Ga. App. 40, 42 (1) (449 SE2d 882) (1994).

[14] Id.

[15] Id.; see also *Sparks v. State*, 185 Ga. App. 225, 226-228 (2) (363 SE2d 631) (1987).

[16] See *Hodo v. State*, 272 Ga. 272, 275 (6) (528 SE2d 250) (2000); *Addison v. State*, 254 Ga. App. 347, 350 (6) (564 SE2d 204) (2002).

[17] See *Lowe v. State*, 267 Ga. 180, 181 (2) (476 SE2d 583) (1996); *Mitchell v. State*, 233 Ga. App. 92, 94 (5) (503 SE2d 293) (1998).

this evidence was admissible as part of the res gestae. "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense."[18] Here, after committing the shoplifting offense at the first store, Horne drove to another store approximately seven to nine miles away from the first store. Within minutes he committed a second shoplifting offense at this store and was detained by store employees. These employees had been placed on alert by the store manager of the first store. In addition, items from the first store were found in Horne's trunk. A trial judge's determination as to the admissibility of res gestae evidence will not be disturbed on appeal unless that determination is shown to be clearly erroneous.[19] We find no error in the trial court's res gestae determination.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 27, 2003.

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.

---

[18] (Citation and punctuation omitted.) *Stirrat v. State*, 226 Ga. App. 350, 353 (2) (b) (486 SE2d 640) (1997).
[19] *Cantrell v. State*, 230 Ga. App. 693, 696 (2) (b) (498 SE2d 90) (1998).