## A03A1575. ROSS v. THE STATE.
### (585 SE2d 666)

ELDRIDGE, Judge.

Calvin Ross and co-defendant, Bobby Calvin Reeves, were convicted of theft by shoplifting, felony grade under OCGA § 16-8-14 (b) (2).[1] Both were sentenced as recidivists to ten years to serve. Without challenging the sufficiency of the evidence, Ross appeals contending that the superior court erred in allowing the arresting officer to testify as to the "relevant" portions of the videotape made of the crime scene; erred in refusing to charge the jury that conviction required the finding that the value of the goods taken exceeded $300; erred in refusing to charge the jury as to misdemeanor shoplifting; and erred in admitting the crime scene videotape and the slow motion copy thereof for the State's failure to lay a proper foundation. The foregoing claims of error as without merit, we affirm.

The record shows that Ross and Reeves were arrested for felony shoplifting on July 26, 2000. Shortly before the arrests, Sharon Phillips, the store clerk then on duty at a Dawsonville pawnshop, informed her boss, Roger Mincey, that two men, whom Phillips iden-

---

[1] Pertinently,

[a] person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment. . . . A person convicted of the offense of theft by shoplifting . . . when the property which was the subject of the theft exceeds $300.00 in value commits a felony and shall be punished by imprisonment for not less than one nor more than ten years.

OCGA § 16-8-14 (a) (1), (b) (2).

tified at the scene of the arrest as Ross and Reeves, had just taken two Geneve gold nugget watches from the store. Mincey gave initial pursuit in his vehicle, relinquishing the chase to a state trooper who issued a BOLO[2] for the suspects based on the description of the car the suspects were driving given by Mincey. Thereafter, another trooper made a traffic stop, and Ross and Reeves were held at the scene until Investigator Steve Hawk of the Dawson County Sheriff's Department arrived with Phillips. Investigator Hawk arrested Ross and Reeves after Phillips identified Ross and Reeves as the perpetrators. However, Phillips indicated that the watches which Ross and Reeves were wearing at the time of their arrest had not been stolen, and no other watches were recovered by police. *Held*:

1. Over objection, grounded upon impermissible bolstering during the State's case-in-chief, the superior court allowed the State's attorney to replay its slow motion videotape[3] of the crime scene in conjunction with the testimony of Investigator Hawk to permit him to testify as to portions thereof he deemed relevant to his decision to charge Ross and Reeves for theft by shoplifting. The State's attorney argued that

> [Investigator] Hawk is an experienced officer. He was the one that made the arrest. I think that it is proper that he can point out to the jury what factors he used when he watched the video in determining that both men, not just Mr. Reeves, but both men should be charged with theft by shoplifting.

In the testimony which followed, Investigator Hawk directed the jury's attention to the videotape only insofar as it factually indicated that Ross and Reeves entered the pawnshop together; that they split up in the store; that Reeves reached deep into an open counter door; that Reeves rejoined Ross; that Ross, Reeves, and Phillips then moved to the TV section of the store; and that Ross and Reeves left the store together after talking with Phillips briefly.

The foregoing testimony offered no opinion but merely pointed out factual evidence which supported the contentions of the State, evidence already before the jury. Such testimony neither constituted bolstering nor a statement of opinion upon an ultimate issue of fact for the jury. See *Usher v. State*, 258 Ga. App. 459, 462-463 (1) (e) (574 SE2d 580) (2002) ("[T]he investigator's testimony did not reflect his

---

[2] BOLO is the acronym for "Be on the Lookout."
[3] The State first presented its videotape evidence to the jury during Phillips's testimony.

personal belief as to the veracity of the [evidence] and does not constitute improper bolstering.").

*Slakman v. State*, 272 Ga. 662 (533 SE2d 383) (2000), upon which Ross solely relies for his claim of improper bolstering, is plainly distinguishable. In *Slakman*, there was a legitimate factual dispute about the contents of a statement made by the defendant and captured on the court reporter's audiotape. The court reporter was permitted to testify as to an inculpatory version of the defendant's statement which she had heard personally, and she testified that her audiotape "verified" that version; thereafter, the audiotape was played for the jury. However, the trial court failed to instruct the jury that it was up to the trier of fact to decide for itself what the disputed contents of the audiotape revealed, and the Supreme Court of Georgia reversed on that basis stating that "[a]t no time did the court instruct the jury that it was to determine for itself what was recorded on the audiotape or the manner in which it was to resolve any discrepancies between the court reporter's testimony and the contents of the audiotape." Id. at 666.

In this case, while a foundation objection was made — and overruled — as to whether the videotape was of the shoplifting incident in question, there was no question as to the contents of the videotape. Indeed, Ross's defense counsel sought no jury charge particularized to the videotape evidence and used such evidence in the same manner that is now under dispute, i.e., as a means of establishing the presence of others in the pawnshop in the time frame of the incident. Further, the superior court properly charged the jury on the evidence in the case as to the testimony of the witnesses as well as all exhibits admitted in evidence, direct and circumstantial evidence, comparative weight of direct and circumstantial evidence as a question of fact for the jury, witness credibility, mere presence, and guilt by association.

Accordingly, no error obtained for the admission in evidence of the complained-of testimony on the basis of impermissible bolstering.

2. Ross's claim to the contrary notwithstanding, the record shows that the superior court charged the jury that his conviction required it to conclude that the value of the goods taken exceeded $300. Pertinently, the superior court instructed the jury that it could find either or both of the defendants guilty if it found, beyond a reasonable doubt, that either or both of the defendants committed the offense alleged in the accusation. The accusation, a document which the superior court sent out with the jury, charged Ross and Reeves in common with theft by shoplifting (felony) as follows:

> on the 26th day of July, 2000, [Ross and Reeves] did unlawfully with the intent to appropriate merchandise, to wit: two

watches, the property of 400 Jewelry & Loan, located at 400 Center Lane, Dawsonville, Georgia, to their own use, without paying for said merchandise and to deprive said owner of said merchandise, they did conceal and take possession of said merchandise, *the value of said merchandise being in excess of $300*, contrary to the laws of this State, the good order, peace and dignity thereof.

(Emphasis supplied.) Otherwise, the superior court correctly charged the jury that "[t]he burden of proof rests upon the State to prove every material allegation of the accusation and every essential element of the crime charged beyond a reasonable doubt" and that "[i]n all cases involving theft by shoplifting the term value means the actual retail price of the property at the time and place of the offense." Finally, the evidence showing that the value of the stolen watches exceeded $300, as defined by the superior court, was undisputed. Under these circumstances, there was no error for failure to charge as to value.

3. Neither was there error for the superior court's refusal to give Ross's requested charge as to misdemeanor shoplifting. "Where, as here, the evidence shows either the commission of the completed offense as charged, [see Division 2, supra (value of goods taken as more than $300),] or the commission of no offense, the trial court is not required to charge on the lesser included offense. *Hambrick v. State*, 174 Ga. App. 444 (2) (330 SE2d 383) (1985) and cits." *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990); *Lewis v. State*, 247 Ga. App. 808, 810-811 (3) (545 SE2d 381) (2001).

4. Ross last challenges the admissibility of the State's surveillance videotape evidence of the crime scene, the high speed original videotape taken from the security machine at the store and the slow motion copy of the original, contending that the State had laid an inadequate foundation for the same. Ross argues that both tapes were inadmissible because Phillips authenticated the videotape evidence as accurate only with respect to the "windows" in which she appeared, not those simultaneously taken from the other camera positions;[4] the videotape evidence reflected on its face that it was made on two different dates and times; and no witness testified as to the accuracy of the videotape evidence as reflecting on the accuracy of the crime scene after it was admitted in evidence. "[A] videotape is admissible where the operator of the machine which produced it[ ] or one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at

---

[4] The crime scene was videotaped simultaneously from four camera positions, and the recorded images from each were displayed in separate screens on the resulting videotape.

the time the events occurred." *Phagan v. State*, 268 Ga. 272, 281 (486 SE2d 876) (1997). Alternatively, Ross argues the State's failure to authenticate the tapes under the "silent witness" rule suggested by *State v. Berky*, 214 Ga. App. 174, 176 (447 SE2d 147) (1992), vacated on other grounds, *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995).

The General Assembly having adopted OCGA § 24-4-48 implicitly rejecting the silent witness rule, *Phagan v. State*, supra, we address the instant claim of error in the context of the videotape evidence as inadmissible for want of authentication reaching all the angles from which the crime scene was videotaped, conflict as to the date and time it was recorded, and the State's failure to further authenticate such evidence as accurately reflecting the crime scene after its admission in evidence.

To establish that the videotape and the copy thereof were of the crime scene, the State presented testimony from Phillips and Investigator Hawk. This evidence showed that Phillips had viewed both videotapes; that, as the store clerk, she was familiar with the cameras used to make the surveillance videotape; that the cameras ran automatically; that the videotapes used were changed daily; and that she was familiar with the placement of the cameras as well as their coverage areas. Further, Phillips testified that, apart from their running speeds, there was no difference between the slow motion videotape and the original; that the videotape evidence truly and accurately depicted what occurred on the date of the offense in that she recognized herself in each of the screens of the videotape as the crime unfolded; and that she had not altered or changed such videotape in any way. And although Ross correctly points out that the videotape evidence shows different recording dates and times, one of these, July 26, 2000, at 1500 hours, was consistent with Phillips's testimony as to when she believed the crime had occurred, i.e., after her lunch and before the close of business at 5:00 p.m., on July 26, 2000.

> Subject to any other valid objection, photographs, motion pictures, videotapes, and audio recordings produced at a time when the device producing the items was not being operated by an individual person or was not under the personal control or in the presence of an individual operator shall be admissible in evidence when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered, provided that prior to the admission of such evidence the date and time of such photograph, motion picture, or videotape recording shall be contained on such evidence and such date and time shall be shown to have

been made contemporaneously with the events depicted in the photograph, videotape, or motion picture.

OCGA § 24-4-48 (c). There is no reason why the adequacy of the foundation laid for the admission of videotape evidence should not be committed to the sound discretion of the trial courts as it is with respect to still photographs. See *Byrd v. State*, 182 Ga. App. 284, 286 (4) (355 SE2d 666) (1987) (sufficiency of the preliminary proofs to identify a photograph or to show the same as fairly or accurately representing the objects depicted a question committed to discretion of the trial judge). Finding no abuse of discretion under these circumstances, *Mills v. State*, 140 Ga. App. 192 (2) (230 SE2d 317) (1976); *Powell v. State*, 105 Ga. App. 614, 615 (2) (125 SE2d 531) (1962), the question of whether the evidence adequately established that the complained-of surveillance videotapes were made at the crime scene as alleged was one of weight for the jurors. *Byrd v. State*, supra. In this regard, no error obtained for the State's failure to lay a foundation on direct for the purpose of establishing the reliability of the videotape as accurate. "Admissibility of evidence is to be decided by the judge. The weight to be given evidence, once admitted, is for the jury." *Kitchens v. State*, 256 Ga. 1, 6 (342 SE2d 320) (1986) (Gregory, J., concurring specially). Accordingly, the superior court properly admitted the videotapes in evidence. *Phagan v. State*, supra; *Tolver v. State*, 269 Ga. 530, 531 (3) (500 SE2d 563) (1998).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 14, 2003 — ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Susan D. Brown*, for appellant.
*Jason J. Deal, District Attorney, Lindsay Messick-Burton, Assistant District Attorney*, for appellee.