## A07A2505. RANGE v. THE STATE.
### (658 SE2d 245)

MILLER, Judge.

Dewayne Allen Range appeals from the trial court's denial of his motion for a new trial, asserting error by the trial court in denying his motion without conducting a hearing thereon. Range also claims (i) that the evidence was insufficient to sustain his conviction, (ii) that

the trial court erred in charging the jury, and (iii) that he received ineffective assistance of counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that three men robbed the ticket counter at the Greyhound bus station in Americus on October 31, 2000. The men entered the station at approximately 1:00 p.m., where one of them approached the ticket counter, pointed a gun at the counter clerk, and demanded money. The clerk placed the cash drawer on top of the counter, the robbers took the money, left the building, and were driven away by a fourth man.

The clerk called the police and, following an investigation, Range and three other men were arrested and indicted on a single count of armed robbery each. The other three suspects each entered a guilty plea, and only Range stood trial.

At trial, the counter clerk identified Range as the gunman. Range, however, presented the testimony of one of his co-conspirators, Albert Lockhart, who testified that he was solely responsible for the robbery. Specifically, Lockhart testified that while Range was present when the robbery occurred, he was not a participant and had no prior knowledge that the robbery would take place.

After the trial court had charged the jury and sent them to deliberate, Range's defense counsel requested that the court give a charge on bare suspicion. The trial court refused on the grounds that doing so would place an undue emphasis on the bare suspicion charge and that the evidence did not warrant such a charge. During its deliberations, the jury asked the trial court for clarification on "intent" and "guilt by association." The trial court then recharged the jury on intent and being a party to a crime, but again declined trial counsel's request that he charge them on bare suspicion. Following further deliberations, the jury returned a guilty verdict.

On August 2, 2002, approximately 35 days after Range's conviction, his trial counsel filed an untimely motion for a new trial, on which the trial court took no action. Range thereafter obtained new counsel, who, in April 2005, filed a motion for an out-of-time appeal or, in the alternative, leave to file another new trial motion. One year later, the trial court granted that motion, and allowed Range thirty days in which to file another motion for a new trial or to file an appeal. Range then filed his second motion for a new trial. Approximately 15 months later, the trial court denied the same without ever holding a hearing on the motion. This appeal followed.

1. Range first asserts that the trial court erred in ruling on his new trial motion without holding a hearing thereon. We disagree.

A defendant has a due process right to a hearing on his motion for a new trial if he requests one, "but the trial court has no duty to initiate such hearing." (Citations and punctuation omitted.) *Wilkins*

*v. State*, 220 Ga. App. 516, 518 (3) (469 SE2d 695) (1996). Rather, "the party seeking a hearing must take affirmative steps to request one," and failure to do results in a waiver of the right. Id. Here, because the record reflects no request by Range for a hearing on his motion for a new trial, the trial court did not err in failing to hold such a hearing.

2. Range next asserts that, given Lockhart's testimony, the evidence was insufficient to sustain his conviction. We disagree.

In determining the sufficiency of the evidence to sustain a criminal conviction, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of innocence. *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

To sustain Range's conviction for armed robbery, the State was required to prove that he took the "property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). Here, the State met this burden by offering the testimony of the counter clerk as to the facts of the robbery and as to the identification of Range as the gunman. This testimony, standing alone, is sufficient to support Range's conviction. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Dunn v. State*, 262 Ga. App. 643, 645 (1) (586 SE2d 352) (2003) ("[T]he victim's testimony alone is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt.") (punctuation and footnote omitted).

The fact that Lockhart's testimony contradicted that of the counter clerk does not affect this analysis. When the State and defendant present conflicting evidence at trial, it is for the jury to resolve those conflicts by judging the credibility of the witnesses and deciding what weight to afford the testimony of each. *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003). Thus, the jury was authorized to reject Lockhart's testimony in favor of the evidence offered by the State. Id. See also *Johnson v. State*, 276 Ga. 368, 370 (1) (578 SE2d 885) (2003).

3. We also find no merit in Range's claim that the trial court erred in refusing to instruct the jury on bare suspicion. Pretermitting the issue of whether Range waived this claim of error by failing to request such a charge in a timely fashion, the record shows that such a charge was neither warranted nor necessary.

A defendant is not entitled to a charge on bare suspicion where the evidence raises more than a mere suspicion of his guilt. *Horne v. State*, 260 Ga. App. 640, 643 (5) (580 SE2d 644) (2003). In this case,

the eyewitness testimony of the counter clerk as to Range's role in the robbery was sufficient to establish more than a mere suspicion that Range was guilty of the crime charged, and the trial court therefore did not err in refusing to give the bare suspicion charge. Id. See also *Mullins v. State*, 270 Ga. App. 271, 276 (6) (605 SE2d 913) (2004).

Furthermore, because "the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the court did not err in refusing to give the requested charge on bare suspicion." (Citations omitted.) *Jackson v. State*, 247 Ga. App. 273, 276 (2) (543 SE2d 770) (2000). These charges covered the principles of law embodied in a bare suspicion charge, making such a charge unnecessary. Id.

4. Range also asserts an ineffective assistance of counsel claim, citing trial counsel's failure to prepare for trial, failure to timely request a charge on bare suspicion or to object to the trial court's refusal to give the charge once requested, and failure to move for a directed verdict.

> To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. Prejudice is shown by demonstrating that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel. There is a strong presumption that trial counsel provided effective representation, and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time.

(Citations and punctuation omitted.) *Rogers v. State*, 285 Ga. App. 568, 569 (1) (646 SE2d 751) (2007). Range cannot meet this burden.

Range's claim that trial counsel was unprepared for trial is based on his assertion "that trial counsel failed to investigate the case and failed to [interview] the state's witnesses prior to the day of trial" and that he met with Range only once before trial. Range, however, can point to no evidence of record to support these assertions, and this enumeration is therefore deemed abandoned. See *In the Interest of R. S.*, 287 Ga. App. 228, 232 (651 SE2d 156) (2007); Court of Appeals Rule 25 (c).

Nor can Range base an ineffective assistance of counsel claim on trial counsel's failure to timely request a charge on bare suspicion or to object to the trial court's refusal to give the charge once requested. As set out in Division 3, supra, Range was not entitled to such a

charge. Additionally, the charges that the trial court gave on presumption of innocence and reasonable doubt embodied all the elements of a bare suspicion charge, rendering such a charge unnecessary.

Finally, trial counsel's failure to move for a directed verdict did not constitute ineffective assistance. The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. *Wilson v. State*, 233 Ga. App. 327, 328 (1) (503 SE2d 924) (1998). As set out in Division 2, supra, the evidence presented was sufficient to sustain Range's conviction. Accordingly, he was not entitled to a directed verdict and counsel's failure to move for the same does not entitle him to a new trial. See *Daugherty v. State*, 283 Ga. App. 664, 670 (5) (a) (642 SE2d 345) (2007) ("Failure to pursue a meritless motion cannot constitute ineffective assistance of trial counsel.") (citation omitted).

For the reasons set forth above, we affirm the trial court's order denying Range's motion for a new trial.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 22, 2008.

*Jennifer R. Watts, Samuel G. Merritt,* for appellant.
*Cecilia M. Cooper, District Attorney,* for appellee.